WILLIAM I. THOMAS *versus* ISRAEL WASHBURN, JR. & *al.*

The liability of the indorser of a writ is incurred when the writ is indorsed.

Where the liability of an indorser of a writ was incurred before the Revised Statutes were in operation, and an action against him was commenced after they had become laws in force, the provisions of those statutes in relation to the form of action and the limitation of suits do not apply.

In an action against the indorser of a writ the return of an officer on the execution, showing that no property of the judgment debtor was to be found within his precinct, is conclusive of the fact so returned between the parties.

But such return is not conclusive evidence of the inability of the judgment debtor.

The liability of indorsers of writs depends upon the inability or avoidance of the debtor ; and if it be shown that he was possessed of property, which it is reasonable to suppose could have been seized upon execution by the creditor, he exercising ordinary care and vigilance, in any other county in the State than the one to which the officer's return refers, it would be a defence to an action against an indorser of a writ for want of ability in the debtor.

THIS was *scire facias,* against the defendants, Messrs. Washburn & Prentiss, as indorsers of a writ in favor of William Irving against the present plaintiff. The plaintiff relied upon a judgment in his favor in said action ; execution issued on the same, with the officer's return ; and the certificate of two justices of the peace and quorum, admitting the execution debtor to the benefit of the poor debtor's oath. The judgment in favor of Thomas against Irving was rendered on July 3, 1840. The following is a copy of the officer's return on the execution. " Penobscot, ss. Sept. 11, 1840. For want of property of the within named Irving, to be found in my precinct, wherewith to satisfy this execution, I have arrested his body, and have discharged him from said arrest upon his giving a bond as required by law, said bond being herewith returned.

" J. H. Wilson, Dep'y. Sh'ff."

This writ was dated Oct. 11, 1841. The bond given by Irving and his surety was in the common form of a poor debtor's bond. There was no evidence of avoidance of Irving. The defendants contended that *scire facias* could not be

maintained; that the action was not seasonably commenced, and relied upon the statute of limitations, c. 146, § 6, Revised Statutes; and that the evidence of the plaintiff was not *prima facie* evidence of avoidance or inability of said Irving. TENNEY J. presiding at the trial, ruled that the abovenamed evidence was sufficient to put the other party upon his defence. The defendants then offered to prove the ability of said Irving from the time of judgment against him till the present time, by showing that he was the owner of personal property in the county of Penobscot of $200 value, and real estate of great value; that he was the owner of other personal property in Penobscot county, from the time of said judgment until the 28th August, 1840, of the value of $400; that during all said period he was the owner in fee of real estate in a county adjoining Penobscot, in this State, of the value of $300, on which the execution against him might at any time have been satisfied. But the presiding Judge ruled, that the evidence was inadmissible. If the evidence offered by the defendants was improperly excluded, and it is competent for them to prove these facts, a new trial was to be granted, unless the evidence relied upon by the plaintiff is insufficient, in which case he was to become nonsuit. But if the proof offered by the defendants was properly excluded, and the plaintiff's evidence is sufficient to make out a case for him, then the defendants were to be defaulted.

*Washburn* and *Prentiss*, *pro se*, contended that this action could not be maintained, as since the Revised Statutes went into operation, the only remedy against the indorser of a writ was by an action of the case.

The action is barred by the statute of limitations. The provisions of the Revised Statutes apply. They affect only the remedy. 22 Pick. 430.

The plaintiff did not show sufficient evidence of the inability or avoidance of the execution debtor, to enable him to maintain the action. *Dillingham* v. *Codman*, 18 Maine R. 75. But the most that can be made of the plaintiff's evidence is,

Thomas *v.* Washburn.

that it may show a *prima facie* case, which would have been wholly disproved, if the evidence we offered had been admitted. It was admissible, and would have shown that due diligence had not been used to collect the execution of the debtor. *Palister* v. *Little*, 6 Greenl. 350; *Harkness* v. *Farley*, 2 Fairf. 491; *Wilson* v. *Chase*, 20 Maine R. 385.

*Wilson*, for the plaintiff, contended that the cause of action in this case accrued before the Revised Statutes went into effect, and so those statutes did not apply.

This also is a sufficient answer to the ground taken, that the action is barred by the statute of limitations.

The officer's return is conclusive evidence of the inability of the judgment debtor, and parol evidence is inadmissible to contradict or to control it. 6 Mass. R. 494; 2 Fairf. 491; 15 Maine R. 64; Howe's Prac. 119.

The evidence offered was properly excluded. The officer's return was conclusive in the county of Penobscot, and the plaintiff was not obliged to give out his execution and get a return in every county in the State, and it would have been impossible to have done it seasonably. They did not offer to show, that the plaintiff or his attorney knew of any property of the debtor, and they had a right to presume that the officer had done his duty.

The opinion of the Court was drawn up by

TENNEY J. — The Rev. Stat. c. 114, § 18, have changed the remedy from *scire facias* to *case*, in claims against indorsers of writs, and have limited the time within which actions shall be commenced, to one year next after the judgment in the original action. But by the same section, the provisions therein contained are not to extend to any liability incurred before the passage of the Revised Statutes. This clause must have effect, notwithstanding the general provision in the second section of the repealing act, "that the proceedings in every such case shall be conformed, when necessary, to the provisions of the Revised Statutes." The liability was incurred, when

the defendants indorsed the writ, though it had not then become fixed and absolute; and we think the Revised Statutes do not apply to this case.

The judgment against Irving was rendered July 3, 1840, and on the 21st Sept. 1840, a deputy sheriff of the county of Penobscot returned upon an execution issued thereon; "For want of property of the within named Irving, to be found within my precinct, to satisfy this execution, I have arrested his body and have discharged him from said arrest, upon his giving bond as is required by law." It was the officer's duty to make search for property, and from it, if found, to cause the execution to be satisfied, and his return is evidence, that he did all which was legally required of him; and as between the parties now before the Court, is conclusive, that no property of the plaintiff in the original action was to be found in his precinct. *Craig* v. *Fessenden & al.* 21 Maine R. 34. But it is not conclusive evidence of inability, as was decided in *Palister* v. *Little*, 6 Greenl. 350.

The liability of indorsers of writs depends upon the inability or avoidance of the debtor, and if it be shown that he was possessed of property, which it is reasonable to suppose could have been seized upon execution by the creditor, he exercising ordinary care and vigilance, in any other county in the State than the one to which the officer's return refers, it would be a defence to an action against an indorser for want of ability in the debtor. But this liability is not fixed and made to depend upon the inability of the debtor at any precise time; the provision is intended to give to the defendant in the original action security against the loss of costs, which he may recover in a suit against him, which shall prove to be groundless. And it has received such a construction, that to hold an indorser, reasonable diligence shall be made use of to obtain satisfaction of the debtor, in the judgment, whose inability must be shown by an officer's return upon an execution issued within one year from the rendition of the judgment. *Wilson* v. *Chase*, 20 Maine R. 385. There has been no laches of the plaintiff in this action in this respect. An execution was issued and a

return of the arrest, and giving bond, made within three months from the time of rendering the judgment; and the ordinary means of obtaining satisfaction was in process.

The offer of the defendants was to prove the ability of the debtor, from the time of judgment against him, till the time when the action was tried, by showing that he was the owner of personal property in the County of Penobscot, of two hundred dollars in value, and of real estate of great value, that he was the owner of other personal property in Penobscot County, from the time of said judgment until the 28th of August, 1840, of the value of four hundred dollars; "that during all said period he was the owner in fee of real estate in a county adjoining Penobscot, in this State, of the value of three hundred dollars, on which the execution against him might have been levied and satisfied at any time."

If the debtor did not hold this real estate longer than till the 28th of August, 1840, it was not evidence of such ability as would discharge the indorsers. There was no offer of proof, that the creditor was notified of the existence of any property belonging to the debtor, or that he, or his attorney, knew that he was the owner of the real estate last mentioned. It was not reasonable to expect, that without some information or knowledge of the fact, the creditor would abandon the course of proceeding, which he had adopted, speedily to obtain satisfaction.

But if the debtor was the owner of such real estate till the time of the trial of this action, he was unquestionably of ability to pay the judgment at the time, when this action was commenced. It is not entirely clear, whether the offer to prove, that the debtor was the owner of this real estate, refers to the whole time from the rendition of judgment to the trial of this action, or to the 28th of August, 1840. Upon a fair construction of the language, it may refer to the former, and if so, a successful attempt to make such proof would have been a defence. We think this opportunity should have been given, and by the agreement of parties, the action must stand for trial.